IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-304-BO

| | |
|---|---|
| ANTHONY MCNEISH, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| DUANE DEAVERS, JAMES R. PARISH, ) | |
| ELAINE KELLY, ED GRANNIS, G. ROBERT ) | |
| HICKS, III, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of Plaintiff Anthony McNeish's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, it is recommended Plaintiff's complaint be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff Anthony McNeish ("Plaintiff"), an inmate in the custody of the State of North Carolina, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against Defendants Duane Deavers, James R. Parish, Elaine Kelly, Ed Grannis, and G. Robert Hicks, III ("Defendants"), alleging that Defendants conspired to criminally convict Plaintiff in violation of his Constitutional rights. Plaintiff seeks monetary damages in the amount of $1 million from each Defendant and release from custody. [DE-1].

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner,* 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction,* 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges that his state court conviction was unconstitutional, because it was obtained through a conspiracy by his defense attorney (Defendant James R. Parish), the district attorney's office (Defendants Elaine Kelly, Ed Grannis, and G. Robert Hicks), and a North Carolina State Bureau of Investigation Crime Lab analyst (Defendant Duane Deavers), to coerce Plaintiff to enter into a plea agreement. Compl. at 3. "[T]o recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal,

3

or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff remains incarcerated for the conviction at issue. Compl. at 5. Thus, Plaintiff's conviction or sentence has not been reversed or otherwise invalidated and he may not proceed with his claim pursuant to § 1983. *See Thrash v. Cloud*, No. 5:10-CT-3205-D, 2011 WL 9134011, at *2 (E.D.N.C. Aug. 30, 2011), *aff'd*, 466 F. App'x 203 (4th Cir. Feb 22, 2012).

Alternatively, to the extent Plaintiff's § 1983 claim is not barred by *Heck*, the claim is barred by the statute of limitations.

> There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's "most analogous" statute of limitations, generally the statute applicable to personal injury actions. *See Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). However, the date the cause of action accrues is determined under federal law. *National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991). In North Carolina, the statute of limitations for actions under 42 U.S.C.1983 (2000) is three years. *Love v. Alamance County Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985). Under federal law, a cause of action accrues and the statute of limitations commences "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).

*Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. June 2, 2004).

Here, Plaintiff alleges that he was coerced to enter into a plea agreement on March 20, 2006, and all the events complained of occurred in or before 2006. Compl. at 2; [DE-1-1] at 2-8, 11-12. At the time Plaintiff entered into the plea agreement, he knew or had reason to know of the injury which is the basis of this action. *See Thrash*, 2011 WL 9134011, at *2. Accordingly, Plaintiff's § 1983 claim expired three years after he entered into the plea agreement, or on March 20, 2009, but this case was not filed until April 22, 2013, and Plaintiff's claim is, thus, untimely.

Lastly, Plaintiff may not obtain release from custody pursuant to § 1983. To the extent

Plaintiff seeks release, subject to exhausting state court remedies, a petition for writ of habeas corpus is the appropriate avenue for such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."); *Hunt v. Johns*, No. 5:10-HC-2176-FL, 2011 WL 3664553, at *2 (E.D.N.C. Aug. 18, 2011) ("[A] prisoner may not use 42 U.S.C. § 1983 or a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to seek release from unconstitutional confinement.") (citing *Preiser*, 411 U.S. at 490).

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the  16  day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge