IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-304-BO

| | |
|---|---|
| ANTHONY MCNEISH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| DUANE DEAVERS, JAMES R. PARISH, | ) |
| ELAINE KELLY, ED GRANNIS, G. | ) |
| ROBERT HICKS, III, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert R. Jones, Jr. [DE 7]. For the following reasons, the Court ADOPTS the M&R. Plaintiff's claims are DISMISSED in their entirety.

## BACKGROUND

Plaintiff Anthony McNeish, an inmate in the custody of the State of North Carolina, filed this action pro se, pursuant to 42 U.S.C. § 1983, against defendants alleging that they conspired to criminally convict plaintiff in violation of his Constitutional rights. Plaintiff seeks monetary damages in the amount of $1 million from each defendant and release from custody. Magistrate Judge Jones, in his M&R of September 16, 2013, recommended that plaintiff's claims be dismissed for failure to state a claim.

## DISCUSSION

A district court is required to review an M&R de novo if the plaintiff specifically objects to it or in cases of plain error. 28 U.S.C. ' 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific

findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, plaintiff has restated his original complaint, insisting that his rights were violated and that what he claims is true. This Court will review plaintiff's complaint de novo for failure to state a claim. Notably, plaintiff does not argue that his claim is not barred by the statute of limitations, and this Court finds no plain error in the M&R as to the statute of limitations.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, plaintiff is proceeding pro se and pleadings drafted by a pro se litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However the principles requiring generous construction of pro se complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff alleges that his state court conviction was unconstitutional, because it was obtained through a conspiracy by his defense attorney, the district attorney's office, and a North Carolina State Bureau of Investigation Crime Lab Analyst to coerce plaintiff to enter into a plea agreement. "[T]o recover money damages for an allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff is currently incarcerated for the conviction at issue here which shows that plaintiff's conviction or sentence has not been reversed or otherwise invalidated. Therefore he may not proceed with his claim pursuant to § 1983. *See Thrash v. Cloud*, 2011 WL 9134011, at *2 (E.D.N.C. Aug. 30, 2011), *aff'd*, 466 F. App'x 203 (4th Cir. Feb. 22, 2012).

Additionally, plaintiff may not obtain release from custody pursuant to § 1983. To the extent plaintiff seeks release, subject to exhausting state court remedies, a petition for writ of habeas corpus is the appropriate avenue for such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Accordingly, plaintiff has failed to state a claim upon which relief may be granted and his complaint must be dismissed.

## CONCLUSION

Therefore, the Court ADOPTS the Magistrate Judge's recommendations and DISMISSES plaintiff's complaint in its entirety. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,
this __20__ day of November, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE